11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

James
Herbert Fletcher a/k/a James Fletcher

Appellant

Vs.                   No. 11-03-00097-CR -- Appeal
from Collin County

State
of Texas

Appellee

 

The jury convicted James Herbert Fletcher a/k/a
James Fletcher of theft, and the trial court assessed his  punishment at two years confinement in a
state jail facility.  We affirm.

                                                                  Ground
of Error

Appellant argues that the evidence was Aboth legally and factually insufficient@ to support his conviction of
theft.  There is only one ground of
error.

                                                                   The
Indictment

Appellant was indicted for a Astate jail felony.@ 
The indictment charged that the value of the property stolen was less
than $1,500, that appellant had been convicted of theft in 1997, and that
appellant had been convicted of theft in 1991. 
See TEX. PENAL CODE ANN. '
31.03(e)(4)(D) (Vernon Supp. 2004).  The
indictment also charged that the current offense was committed in Collin County
on October 10, 2001, when appellant Adid
then and there intentionally and knowingly appropriate...a drill...without the
effective consent of Kimberly Grego.@   

                                                        Testimony
of Kimberly Grego

The State=s
first witness, Kimberly Grego, testified that she was employed by Payless
Cashways on October 10, 2001.  That
company was involved in bankruptcy proceedings, and it was in the process of
liquidating its assets.  Grego was the
office manager in Plano, and she also worked 









on the sales floor.  Grego
identified appellant as the man who was walking out of the store that day when
the alarm went off.  A portion of her
testimony reads as shown:

Q: Tell me the reason you came into contact with
[appellant]?

 

A: I was working at the front of the store on
the register, and our alarm system on the entrance door sounded, and when I
turned to my left, he was walking, exiting the building through the entrance
door, and the alarm went off, and he was carrying a power tool, a drill
in his, it was in a case.  He was
carrying it through the door and went through the...entrance door.  And I proceeded to turn to my right and went
through the exit door and was following him through the parking lot, and asking
him to return to the store.  (Emphasis
added)

 

Grego testified that she got a Agood look@
at appellant=s face
and that one of the other Payless managers heard her yell and came to her
assistance.  They got a description of
appellant and his vehicle, including the license number, before he drove away.  Grego said that appellant got in his car Avery quickly,@
that appellant accelerated Areally
fast,@ and that
appellant Aalmost
hit@ the other manager as appellant was
leaving.  Grego went back into the store
and called the police.  

Grego said that the item which appellant took from
the store was a Makita cordless drill which had a value of about $250.  When the police officers came to the store,
Grego and the other manager told the officers what had happened and gave them a
physical description of the man who had taken the item from the store.  The police came back within the hour, and
Grego got in the squad car and went with the police to see if the man who was
driving a car which the police stopped was the same man that she had followed
from the store to the parking lot.  The
police had stopped a vehicle with the same license number that she had given to
the dispatcher, and the driver matched the description which she and the other
Payless employee had given to the police. 
Grego identified that driver as the man she had followed from the store.  During cross-examination, Grego agreed that
she could not see what was Ain
that case@;
however, she said that it was a Asealed
case@ and that
she knew it was a AMakita.@ 


                                                              The
Other Witnesses








The other Aeye
witness@ was
Jimmy Daughters.  Daughters testified
that he was employed by Payless Cashways on October 10, 2001; that the company
had filed for bankruptcy; and that he was helping the company close its store
in Plano.  Grego was running the register
next to him, and he heard her say to a person who was walking out the door: A[S]ir, you need to pay for that.@ 
Daughters followed them to the parking lot, and he wrote down the
license number on the station wagon that appellant drove from the parking
lot.  Daughters said that appellant
started the car and Arevved
the engine.@  When the tires Asquealed,@ Daughters Ajumped
back out of the way@ as  appellant drove the station wagon out of the
parking lot.  Then, Daughters and Grego
went back inside the building and called the police.   

The only other witnesses
which the jury heard[1]
were Officer Kevin Paul Kirkconnell and Officer Jonathan Wayne Giddings.  Both officers were employed by the Police
Department of the City of Plano.  They
testified about their investigation of the offense and about appellant=s apprehension, identification, and
arrest.  Neither of them saw appellant
take the property from the store.

                                                               Standards
of Review

Appellant cites Johnson
v. State, 23 S.W.3d 1 (Tex.Cr.App.2000); Cain v. State, 958 S.W.2d
404 (Tex.Cr.App.1997); and Clewis v. State, 922 S.W.2d 126
(Tex.Cr.App.1996).  Those cases make it
clear that an appellate court should give deference to the fact finder=s decision on disputed facts and that a
jury=s verdict
should be set aside Aonly
if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.@
Cain v. State, supra at 407; see also Clewis v. State, supra at
135. 








Appellant contends that the evidence is legally
and factually insufficient to support his conviction.  In order to determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  In order to determine if the evidence is
factually sufficient, we must review all of the evidence in a neutral light and
determine whether the evidence supporting guilt is so weak as to render the
conviction clearly wrong and manifestly unjust or whether the evidence
supporting guilt, although adequate when taken alone, is so greatly outweighed
by the overwhelming weight of contrary evidence as to render the conviction
clearly wrong and manifestly unjust.  Vasquez
v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman v. State, 66
S.W.3d 283 (Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d 1, 11
(Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis
v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). 


                                                                 This
Court=s Ruling

The sole ground of error is overruled because the
testimony of Grego is Aboth
legally and factually@
sufficient to support the jury=s
verdict.  She made a positive
identification of appellant as the man who walked out of the store with a Asealed case@
which contained a Makita cordless power drill. 


The judgment of the trial court is affirmed.         

 

BOB DICKENSON

SENIOR JUSTICE

 

May 6, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Arnot, C.J., and

McCall,
J., and Dickenson, S.J.[2]











[1]Appellant=s wife
testified during the punishment phase of trial, but her testimony does not
affect the ground of error which has been briefed.





[2]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.